UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Lawrence Eugene Gomes,<br>Petitioner<br>-vs-<br>Charles L. Ryan,<br>Respondent. | CV-12-1908-PHX-PGR (JFM)<br><br>**Report & Recommendation On Petition For Writ Of Habeas Corpus** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at San Luis, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on September 10, 2012 (Doc. 1). On December 21, 2012, Respondents filed their Limited Answer (Doc. 15). On January 2, 2013, Petitioner filed a Motion to Dismiss Without Prejudice (Doc. 17), and on January 18, 2013, Respondent replied (Doc. 20).

The Petitioner's Petition and Motion to Dismiss are now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. FACTUAL BACKGROUND AND PROCEEDINGS AT TRIAL

On November 12, 2003, Petitioner was indicted in the Maricopa County Superior Court on three counts of armed robbery and one count of attempted armed robbery, all arising out of events on November 8, 2002. (Exhibit A, Indictment.) (Exhibits to the

Answer, Doc. 15, are referenced herein as "Exhibit ___.")[1]

Petitioner eventually entered into a Plea Agreement, and on July 22, 2004 entered a plea of no contest to two counts of armed robbery. (Exhibit B, M.E. 7/22/4.) Petitioner was sentenced the same day to concurrent, presumptive sentences of 10 years on each of the two counts, to be served consecutive to his Federal prison term in CR-04-0153-PHX-JAT. (Exhibit C, Sentence.)

## B.  PROCEEDINGS ON DIRECT APPEAL

Petitioner did not file a direct appeal. (Petition, Doc. 1 at 2.) Moreover, as a pleading defendant, Petitioner had no right to file a direct appeal. *See* Ariz.R.Crim.P. 17.1(e); and *Montgomery v. Sheldon*, 181 Ariz. 256, 258, 889 P.2d 614, 616 (1995).

## C.  PROCEEDINGS ON POST-CONVICTION RELIEF

**First PCR** – On June 6, 2005, almost a year after his sentence, Petitioner filed his first PCR Petition (Exhibit D), summarily asserting claims of ineffective assistance, constitutional violations of newly recognized rights, newly discovered evidence, illegal sentence, and that Petitioner was incompetent due to his paranoid schizophrenia. Although Petitioner utilized the form petition's language of "denial of the constitutional right to representation by a competent lawyer," (*id.* at 2), he nowhere referenced the Sixth Amendment of the U.S. Constitution or any other specific federal right. He did make a general argument of the "abridgement of any other right guaranteed by the constitution or laws of this state or the constitution of the United States." (*Id.* at 3.)

The PCR court denied the petition as untimely, noting that the Court was aware of Petitioner's paranoid schizophrenia prior to sentencing. (Exhibit E, M.E. 7/5/5.)[2]

---

[1] In violation of Local Civil Rule 7.1(d), Respondents have attached a copy of the Petition in this case as Exhibit O.

[2] An Arizona post-conviction relief proceeding is normally commenced with the filing of a Notice of Post-Conviction Relief. **NEED CITE**. Neither Respondents, Petitioner, nor the record provided suggest that any such notices were filed by Petitioner, but that instead he commenced each PCR proceeding by filing his various petitions.

2

1  **Second PCR** – Subsequently, Petitioner filed a "Motion to Withdraw Plea and
2  Request for Evidentiary Hearing, which the PCR Court treated as a PCR petition under
3  Rule 32, Ariz.R.Crim.Proc., and denied as untimely. (Exhibit F, M.E. 8/18/6.)

4  Respondents do not provide a copy of the Motion to Withdraw. The Petition does
5  not admit of any PCR filings other than Petitioner's first PCR petition. (Petition, Doc. 1
6  at 4.) The PCR court describes this document as Petitioner's "second untimely-filed
7  Rule 32 petition." (Exhibit F.) Consequently, the undersigned presumes for purposes of
8  this Report and Recommendation, that the petition was filed on July 5, 2005,
9  immediately following dismissal of the first PCR.

10  The PCR court described the petition as claiming "he was incompetent to plead
11  guilty." (*Id.*)

12  Petitioner then sought review by the Arizona Court of Appeals (Exhibit G), again
13  asserting that his due process rights had been violated by his proceeding to a guilty plea
14  despite his mental incompetence. Review was summarily denied on August 23, 2007.
15  (Exhibit H, Order 8/23/07.)

16  **Third PCR** – Some nine months later, on June 2, 2008, Petitioner filed his third
17  PCR Petition (Exhibit I). In this proceeding, Petitioner plainly asserted a federal
18  ineffective assistance of counsel claim, citing the Sixth Amendment and *Roe v. Flores-*
19  *Ortega*, 528 U.S. 470 (2000), but founded it upon counsel's failure to file a notice of
20  appeal or timely notice of post-conviction relief. (Exhibit I at 3.)

21  This petition was also dismissed as untimely, on July 2, 2008. (Exhibit J, M.E.
22  7/2/8.)

23  **Fourth PCR** – Over twenty months later, on March 10, 2012, Petitioner filed his
24  fourth PCR petition (Exhibit K). Petitioner argued that counsel was ineffective under the
25  Sixth Amendment in failing to timely seek review by appeal asserting Petitioner's
26  incompetence at the time of his plea. The petition was dismissed as untimely on May 12,
27  2012. (Exhibit L, M.E. 5/12/10.)

28  Petitioner sought review by the Arizona Court of Appeals (Exhibit M, "Motion

3

for Appeal"), arguing that he was not competent to enter a plea of guilty. Review was summarily denied on February 10, 2012 (Exhibit N, Order).

### D. PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on September 10, 2012 (Doc.1). Petitioner's Petition raises a single ground for relief founded upon ineffective assistance of counsel, based upon counsel's failure to argue that he was not mentally competent to proceed to trial.

**Response** - On December 21, 2012, Respondents filed their Response ("Limited Answer") (Doc. 15). Respondents argue that the Petition is untimely and his state remedies on his claim have been procedurally barred in orders filed July 2, 2008 (Exhibit J, and May 12, 2010 (Exhibit L), (Doc. 15 at 11), and is otherwise procedurally defaulted.

**Motion to Dismiss** - On January 2, 2013, Petitioner filed a Motion to Dismiss (Doc. 17), seeking to "withdraw" his petition and have it dismissed "without prejudice." Petitioner argues that the Petition should be dismissed without prejudice because his delay has been the result of his lack of legal knowledge, learning disabilities, and delays wrought by the prison's limitations on legal research time, and limited assistance from the prison paralegal.

On January 7, 2013, the Court set a schedule for Respondents to respond to the Motion to Dismiss, and for Petitioner to reply in support of his Motion to Dismiss and to reply in support of his Petition. Petitioner was given fourteen days from the filing of a response to the motion to dismiss to file his replies.

Respondents responded on January 18, 2013 (Doc. 20), arguing that any dismissal should be with prejudice, given the futility of any future filing in light of their defenses.

Petitioner has not replied in support of his Petition or his Motion, and the time to do so expired on Monday, February 4, 2013.

### III. APPLICATION OF LAW TO FACTS

**A. TIMELINESS**

**1. One Year Limitations Period**

Respondents assert that Petitioner's Petition is untimely. As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts. 28 U.S.C. § 2244(d). Petitions filed beyond the one year limitations period are barred and must be dismissed. *Id.*

**2. Commencement of Limitations Period**

The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

For Arizona pleading defendants, their opportunity for direct review is an Arizona Rule 32 of-right post conviction relief proceeding. *Summers v. Schriro*, 481 F.3d 710 (9th Cir. 2007). "Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)." *Summers v. Schriro,* 481 F.3d 710, 717 (9th Cir. 2007). "To bring an of-right proceeding under Rule 32, a plea-convicted defendant must provide to the Arizona Superior Court, within 90 days of conviction and sentencing in that court, notice of his or her intent to file a Petition for Post-Conviction Review." *Id.* at 715 (citing Ariz. R.Crim. P. 32.4(a)).

Here, Petitioner was sentenced on July 22, 2004. (Exhibit C, Sentence.) His time to file an "of-right" PCR proceeding expired 90 days later on October 20, 2004. His first PCR proceeding was commenced on the filing of his petition (Exhibit D) on June 6, 2005, some 7 and a half months after his 90 days had expired. Thus, it did not constitute "direct review" within the meaning of § 2244(d)(1).

Accordingly, Petitioner's conviction became final on October 20, 2004, when his

time to file an "of-right" PCR petition expired, his one year limitations period began running thereafter, and expired one year later on October 20, 2005. Without any tolling, Petitioner's habeas petition, filed September 10, 2012, was almost 7 years delinquent.

### 3. Statutory Tolling

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Moreover, for a state petition to toll the statute of limitations, it must be "properly filed." 28 U.S.C. § 2244(d)(2). In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005) the Court held that when a state post-conviction petition is untimely under state law, then it is not "properly filed" within the meaning of § 2244(d)(2) for purposes of statutory tolling. And, this Court looks through the summary denial by the Arizona Court of Appeals to the "last reasoned decision," *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991).

Here, Petitioner's PCR petitions have all been dismissed as untimely. (*See* Exhibits E, F, H, J, L, and N.) Accordingly, none of the petitions were "properly filed" and thus do not toll the statute of limitations.

Further, once the statute has run, a subsequent post-conviction or collateral relief filing does not reset the running of the one year statute. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Thus, even if Petitioner were entitled to statutory tolling from his first PCR petition through the denial of his immediately succeeding second PCR proceeding, *i.e.* from June 6, 2005 through August 23, 2007, he would have utilized some 228 days prior to his initial filing (from October 20, 2004 to June 6, 2005) and would have had only 137 days remaining thereafter. Thus, his one year would have expired on Monday, January 7, 2008. His next PCR filing was not until almost five months later, on June 2, 2008, when he filed his third PCR petition.

Thus, his third and fourth PCR proceeding would not have revived his limitations

period.

### 4. Equitable Tolling

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

> To receive equitable tolling, [t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances ma[de] it impossible to file a petition on time.

*Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009) (internal citations and quotations omitted). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.' " *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.).

Petitioner bears the burden of proof on the existence of cause for equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our precedent permits equitable tolling of the one-year statute of limitations on habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate.").

Here, Petitioner points to his limited legal knowledge and resources and mental illness as excuses for his delay. (Petition, Doc. 1 at "11"; Motion, Doc. 17 at 1-2.)

A prisoner's *pro se* status is not an extraordinary circumstance. *Felder v. Johnson*, 204 F.3d 168 (5th Cir. 2000). A prisoner's "proceeding pro se is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). Indeed, outside the realm of capital punishment, it is being represented in filing a habeas petition that is extraordinary.

Moreover, "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.1999). ). *See also Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

It is true that the inadequacies of a prison law library and lack of notice of the AEDPA may be extraordinary circumstances. *See Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir. 2000). Here, however, Petitioner points to nothing in particular in any limitations in his legal resources in prison that precluded him from a timely federal filing. He simply complains that his access to legal research materials was limited, the prison paralegal ineffective, and that there is an absence of assistance tailored to "those of us with learning slowness." (Motion, Doc. 17 at 2.) He does not suggest how those factors rendered him incapable, over the course of an entire year (and the eight years between his conviction and federal habeas filing) of filing his habeas petition sooner.

The one arguably unique circumstance referenced by Petitioner is his mental condition. "Where a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline, his delay was caused by an "extraordinary circumstance beyond [his] control," and the deadline should be equitably tolled." La*ws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003). "However…mental incompetence is not a *per se* reason to toll a statute of limitations. Rather, the alleged mental incompetence must somehow have affected the petitioner's ability to file a timely habeas petition." *Nara v. Frank*, 264 F.3d 310, 320 (3rd Cir. 2001), overruled in part on other grounds by *Carey v. Saffold*, 536 U.S. 214 (2002). "[M]ental illness tolls a statute of limitations only if the illness in fact prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them. Any other conclusion would perpetuate the stereotype of the insane as raving maniacs or gibbering idiots." *Miller v. Runyon*, 77 F.3d 189, 191 -192 (7th Cir. 1996) (applying equitable tolling to Rehabilitation Act) (citations omitted).

Petitioner proffers nothing beyond his identification of his condition as paranoid schizophrenia to suggest that he was precluded from filing his habeas petition. Petitioner does not suggest that he has been incapacitated in some specific way, and does not suggest that he has remained un-medicated or otherwise untreated for his condition such that it rendered him incapable of filing sooner.

Moreover, even if extraordinary circumstances prevent a petitioner from filing for a time, equitable tolling will not apply if he does not continue to diligently pursue filing afterwards. "If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2nd Cir. 2000). *But see Lott v. Mueller*, 304 F.3d 918 (9th Cir. 2002), McKeown, J. dissenting (arguing that equitable tolling should work a stoppage of the clock, with a resulting extension of the deadline). Ordinarily, thirty days after elimination of a roadblock should be sufficient. *See Guillory v. Roe*, 329 F.3d 1015, 1018, n.1 (9th Cir. 2003).

Petitioner proffers nothing to show that he showed diligence in the face of his purported limitations. He has shown over the course of four PCR proceedings his ability to marshal facts and legal arguments in support of his cause, and to file facially appropriate, if ultimately unsuccessful, pleadings in support of his cause. And yet he failed to file his federal habeas petition until years after the expiration of his habeas limitations period. Petitioner makes no explanation why he was able to complete his state filings, but not a federal one.

Petitioner fails to proffer anything to show that limitation in his training, resources, learning disabilities, or mental illness were extraordinary circumstances that made it impossible for him to timely file his petition, or that he was diligent in the face of those limitations. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

**5. Actual Innocence**

The Ninth Circuit has concluded that the habeas statute of limitations is subject to an exception for claims of actual innocence. *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011). Petitioner makes no such claim in this proceeding.

**6. Summary**

Petitioner's time for seeking "direct review" ended on October 10, 2004, when his time to file an "of-right" petition for post-conviction relief expired. Accordingly, Petitioner's conviction was final and his one year limitations period began running after October 20, 2004, and expired one year later on October 20, 2005. Petitioner had no properly filed state petitions pending during that year period, and thus he is entitled to no statutory tolling. Even if his second and third PCR proceedings were somehow deemed properly filed, his delay thereafter would render his Petition untimely. Petitioner has failed to show that in the face of reasonable diligence extraordinary circumstances made it impossible for him to file his federal habeas petition on time, and thus he is entitled to no equitable tolling. Therefore, his federal habeas petition, filed on September 10, 2012 is untimely, and must be dismissed with prejudice.

**B. OTHER DEFENSES**

Respondents also argue that Petitioner's claims are either procedurally defaulted or were procedurally barred under an independent and adequate state ground, and that some are non-cognizable challenges to his conditions of confinement. Because the undersigned finds the Petition plainly barred by the statute of limitations, these other defenses are not reached.

**C. MOTION TO DISMISS**

Petitioner's Motion to Dismiss (Doc. 17) seeks instead to have his habeas petition dismissed without prejudice, in light of the various disabilities that he has labored under.

Petitioner proffers no authority to suggest that this Court has authority to so limit its dismissal in the face of his untimely Petition, and the undersigned knows of none.

Moreover, assuming this Court had such discretion, Petitioner proffers no reason to belief that he will, in the future, be able to cure the untimeliness of his Petition.

Accordingly, the Motion to Dismiss should be denied, and the Petition dismissed with prejudice.

## IV.  CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment.  The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner.  Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right

and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. To the extent that Petitioner's claims are rejected on procedural grounds, under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling." Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion to Dismiss without Prejudice, filed January 2, 2013 (Doc. 17) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed September 10, 2012 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that to the extent the reasoning of this Report & Recommendation is adopted, that a certificate of appealability be **DENIED.**

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any

findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: March 1, 2013

12-1908r RR 13 02 26 on HC.docx

_____
James F. Metcalf
United States Magistrate Judge