**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lawrence Eugene Gomes, | No. 12-CV-1908-PHX-PGR (JFM) |
| Petitioner, | |
| v. | **ORDER** |
| Charles L. Ryan, et. al., | |
| Respondents. | |

Before the Court is the Report and Recommendation of Magistrate Judge Metcalf (Doc. 21), which addresses Petitioner's Petition for Writ of Habeas Corpus, filed on September 10, 2012, pursuant to 28 U.S.C. § 2254. (Doc. 1.) Petitioner filed objections to the Report and Recommendation. (Doc. 22.)

Magistrate Judge Metcalf recommends that the Court deny the petition as barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1)(A).[1] Specifically, Magistrate Judge Metcalf concludes that Petitioner is not eligible for statutory or equitable tolling. (Doc. 21 at 6–9.) Magistrate Judge Metcalf also notes that Petitioner did not raise a claim of actual innocence. (*Id.* at 10.)

Magistrate Judge Metcalf's conclusions are correct. Petitioner is ineligible for statutory tolling because each of his PCR petitions was dismissed as untimely under state law; none of the petitions was "properly filed" so as to toll the statute of limitations. 28

---

[1]  On November 12, 2003, Petitioner was indicted in the Maricopa County Superior Court on three counts of armed robbery and one count of attempted robbery. He entered into a plea agreement and pled no contest on July 22, 2004. His conviction became final on October 20, 2004, and the statute of limitations expired on October 20, 2005.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

U.S.C. §2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Petitioner is ineligible for equitable tolling because he failed to meet the exceptionally high burden required for a showing of "extraordinary circumstances beyond a prisoner's control [that] make it impossible to file a petition on time." *Law v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003). Petitioner did not show that his mental condition affected his ability to meet the filing deadline.

In his objection to the Report and Recommendation, Petitioner for the first time raises a claim of "actual innocence." (Doc. 22.) This claim falls short of the standard required to open a gateway to consideration of his untimely claims.

A claim of actual innocence "does not merely require a showing that a reasonable doubt exists in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Rather, "a petitioner does not meet the threshold requirement [for an actual innocence claim] unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* A petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324. Because such evidence is rare, in most cases allegations of actual innocence are ultimately summarily rejected. *Id.*; *see House v. Bell*, 547 U.S. 518, 538 (2006) (noting that the burden of showing actual innocence is demanding and seldom met); *McQuiggin v. Perkins,* --- S. Ct. ----, 2013 WL 2300806 at *3 (2013) (explaining that "tenable actual-innocence gateway pleas are rare").

Petitioner's actual innocence claim consists of an allegation that he was "picked out of a photo line-up that he was never in." (Doc. 22 at 2.) He also alleges that the prosecution suppressed this evidence of mistaken identity. (*Id.*) In support of these allegations Petitioner has submitted a booking photo dated July 7, 2002, and a photographic lineup. (*Id.*) These documents are not sufficiently reliable or credible to support a claim of actual innocence.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Having reviewed this matter *de novo* in light of Petitioner's objections, the Court will adopt the Report and Recommendation, deny the habeas petition, and dismiss the action.

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge Metcalf's Report and Recommendation (Doc. 21) is ACCEPTED and ADOPTED by the Court.

IT IS FURTHER ORDERED that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is DISMISSED and DENIED with prejudice.

IT IS FURTHER ORDERED DENYING a Certificate of Appealability.

IT IS FURTHER ORDERED that the Clerk of the Court shall close this case.

DATED this 17th day of June, 2013.

Paul G. Rosenblatt
United States District Judge

- 3 -